SANTIAGO ET AL., PLAINTIFFS AND APPELLEES, *v.* SANTIAGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an Action of Unlawful Detainer.

No. 1785.—Decided April 15, 1918.

UNLAWFUL DETAINER — CONFLICT OF TITLES. — The settled jurisprudence of this court clearly determines that when it appears from the pleadings and the evidence that there is a conflict of titles an action of unlawful detainer does not lie.

The facts are stated in the opinion.
*Mr. Luis Mercader* for the appellant.
*Mr. Herminio Miranda* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer. The plaintiffs allege that they are the owners of a property of twenty-seven acres of land in the ward of Arrozal of the municipality of Arecibo, which is occupied by the defendant who pays them no rent, and that they have made demands upon the said defendant for the possession of the property without results.

The defendant answered denying the facts set up in the complaint and alleging:

"That about seventeen years ago the defendant formed a partnership with Modesto Rodríguez in Arrozal ward of Arecibo, where they lived together and engaged in agricultural and commercial pursuits; that they procreated seven children, who are in the custody of the defendant, and during such period of time the two of them acquired, through the individual labor of each, the following property: Sixteen acres of land in 1904 by purchase from Juan Figueroa; eight acres of land in 1907 from Ramón García, and three acres of land which they purchased from Juan Martínez Tirado about eight years ago, all of which tracts make up the twenty-seven acres of land described in the complaint in this case. The defendant alleges that an undivided half of the said property belongs to her in fee simple, she having acquired the same as the result of her constant physical labors in combination with the said Modesto Rodríguez, cultivating the said property daily and giving it even more care than was given to it by her partner, the said Rodríguez. She further alleges that about two years ago the said Rodríguez, who was living with her, left the property and deserted the home of his children, leaving the defendant in charge of the property in question, and since that time she has been working the property unaided and with her own resources, managing the same and using her own money for its cultivation and management, besides supporting at the same time the children who were abandoned and left penniless."

Issue being thus joined, the case was tried and the court rendered judgment against the defendant, who thereupon took the present appeal.

We have considered the evidence examined and that of the defendant tends to support the allegations of her complaint. So, as it appears from the pleadings and the evidence that there is a conflict of titles, it is manifest that according to the constant jurisprudence of this court an action of unlawful detainer is not the proper action. See *Virella* v. *Virella*, 23 P. R. R. 644; *García* v. *Brignoni et al.*, 22 P. R. R. 331; *Cabassa* v. *Bravo*, 21 P. R. R. 336; *Miranda* v. *Cameron et al.*, 19 P. R. R. 465; *Torres et al.* v. *Pérez*, 18 P. R. R. 557;

*Pesquera* v. *Fernández,* 16 P. R. R. 223; *Elzaburu* v. *Chávez,* 15 P. R. R. 16; *Mehrhof* v. *Rodríguez et al.,* 14 P. R. R. 56, and cases cited.

Therefore, the appeal should be sustained, the judgment appealed from reversed and another judgment rendered dismissing the complaint without special imposition of costs.

*Reversed and substituted.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.